IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |  | |
|---|---|---|---|
| JONATHAN STEPP, | : | | |
|     Petitioner | : | | |
| | : | No. 1:22-cv-964 | |
| v. | : | | |
| | : | (Judge Rambo) | |
| R. THOMPSON, L.S.C.I., | : | | |
|     Respondent | : | | |

## MEMORANDUM

Petitioner Jonathan Stepp, an inmate at the Low Security Correctional Institution Allenwood, in White Deer, Pennsylvania, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asks the Court to direct the Federal Bureau of Prisons (BOP) to apply earned time credits to his sentence pursuant to the First Step Act (FSA) even though he is not a minimum or low recidivism risk level. Because Stepp's claim contradicts the plain language of the FSA, the Court must deny his Section 2241 petition.

**I.   BACKGROUND**

Stepp is currently serving a 108-month sentence imposed by the United States District Court for the Northern District of Ohio for multiple narcotics offenses. *See United States v. Stepp*, No. 1:16-cr-00308-SO-17, Doc. No. 250 (N.D. Ohio June 29, 2017). His current projected release date, via good conduct time, is November 6, 2024. (Doc. No. 6-1 at 3 ¶ 3; *id.* at 6, 7.)

Stepp filed the instant Section 2241 petition in this Court in June 2022. (*See generally* Doc. No. 1.) He asks the Court to order the BOP to apply the FSA time credits he has accumulated regardless of his recidivism risk level. (*Id.* at 8.) His petition is fully briefed and ripe for disposition.

## II. DISCUSSION

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See generally* 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. *See id.* §§ 542.13-.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).

Stepp concedes that he has not exhausted his administrative remedies. (*See* Doc. No. 1 at 2-3.) He argues, however, that because his claim deals only with statutory construction, administrative exhaustion is not required. (*See* Doc. No. 7 at 3.) Stepp contends that the FSA's mandatory language stating that time credits earned "*shall* be applied toward time in prerelease custody or supervised release," 18 U.S.C. § 3632(d)(4)(C) (emphasis added), is at odds with the BOP's regulations and how it applies FSA time credits. He posits that, even though his recidivism risk is "high,"[1] Section 3632(d)(4)(C) mandates that the BOP must apply the time credits he has earned to his sentence.

---

[1] (*See* Doc. No. 1-2; Doc. No. 6-1 at 13.)

Assuming Stepp's claim involves only statutory construction and therefore does not require administrative exhaustion, it is nonetheless meritless. Stepp is overlooking 18 U.S.C. § 3624(g), which is explicitly cross-referenced in Section 3632(d)(4)(C)—the statutory provision on which Stepp relies. *See* 18 U.S.C. § 3632(d)(4)(C) ("The Director of the Bureau of Prisons shall transfer *eligible* prisoners, *as determined under section 3624(g)*, into prerelease custody or supervised release." (emphasis added).) Section 3624(g) sets forth the process for when and how FSA time credits are applied to create an earlier release date for eligible prisoners. In other words, Section 3624(g) determines who is eligible for time credit application and how those eligible prisoners are placed into early prerelease custody (like home detention) or supervised release.

Section 3624(g) requires, for placement in prerelease custody, that the prisoner "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or has specific approval by the warden. 18 U.S.C. § 3624(g)(1)(D)(i). For early transfer to supervised release, Section 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." *Id.* § 3624(g)(1)(D)(ii). Under either scenario, application of time credits—that is, creating and implementing an earlier release date based on credits earned—cannot occur until the prisoner has been determined to be

a minimum or low recidivism risk. *See Bell v. Finley*, No. 1:21-cv-925, 2022 WL 1721045, at *4 (M.D. Pa. May 27, 2022) (citing 18 U.S.C. § 3624(g)(1)(D)(i); 28 C.F.R. § 523.42(c)(2)(i)-(ii)); *Hernandez v. Warden FPC-Lewisburg*, No. 1:21-cv-0599, 2022 WL 452408, at *3 (M.D. Pa. Feb. 14, 2022); *Moody v. Gubbiotti*, Civ. No. 21-12004 (RMB), 2022 WL 4976308, at *6 (D.N.J. Oct. 3, 2022) (citing 18 U.S.C. § 3624(g)).[2]

Stepp takes issue with the language in 28 C.F.R. § 523.44(c)(1), which uses the term "may" rather than "shall" with regard to application of time credits. (*See* Doc. No. 7 at 3-5.) But this argument is a red herring. The permissive regulatory language in Section 523.44(c)(1) is not the reason why Stepp is ineligible to have his FSA time credits applied to his sentence. Rather, it is the clear language of 18 U.S.C. § 3624(g) that precludes application of Stepp's time credits until he has lowered his recidivism risk level.

In sum, while Stepp may be eligible to *earn* time credits, those credits cannot be *applied* until he has "shown through the periodic risk reassessments a demonstrated recidivism risk reduction[.]" 18 U.S.C. § 3624(g)(1)(B). Stepp's current recidivism risk level is high. Congress has determined that he will not be

---

[2] There are additional requirements in Section 3624(g) for application of FSA time credits. For example, to be eligible for application of credits, the prisoner must have "earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A).

eligible for application of FSA time credits until, among other requirements, that risk level is reduced to minimum or low.[3]  Accordingly, the Court must deny Stepp's habeas petition.

## III.  CONCLUSION

Based on the foregoing, the Court will deny Stepp's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

s/ Sylvia H. Rambo<br>United States District Judge

Dated: November 7, 2022

---

[3] Or the warden of Stepp's facility of incarceration has specifically approved Stepp's petition for transfer to prerelease custody or supervised release.  18 U.S.C. § 3624(g)(1)(D)(i)(II).